RIVERA, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ ET AL., DEMANDADOS Y APELANTES.

No. 3203.—*Visto:* Abril 25, 1924. *Resuelto:* Julio 26, 1924.

DIVISIÓN DE LA COMUNIDAD—CONSENTIMIENTO DE TODOS LOS CONDUEÑOS.—Se revocó en este caso la sentencia que declaró con lugar una demanda para pedir que sea elevada a documento público la división de una finca practicada por agrimensor en un plano en que constan las adjudicaciones hechas a los condueños quienes firmaron el plano, porque la prueba demostró que la división no fué hecha por todos los que a la fecha en que se hizo eran condueños.

ID.—CONTRADEMANDA—PARTES DEMANDANTES. — Una contrademanda contra los demandantes y contra otras personas no puede prosperar, porque no pueden traerse al pleito como contrademandados a personas que no eran demandantes.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito), en una acción sobre otorgamiento de escritura, declarando con lugar la demanda y sin lugar la contrademanda, con las costas y honorarios de abogado al demandado. *Revocada.*

*H. Torres Solá, R. Ramírez* y *J. B. Soto,* abogados de los apelantes; *R. Rivera Zayas* y *E. Díaz Viera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Se demanda en este pleito que sea elevada a documento público la división de una finca practicada por un agrimensor en el que constan las adjudicaciones que fueron hechas a los condueños quienes firmaron su conformidad en el mismo plano, y se apela de la sentencia que accedió a la petición del demandante.

Por escritura pública de 11 de marzo de 1914 en que comparecieron Carmen Vélez, viuda de Domingo Alemán,

por sí y por su hija incapacitada Carlina y Ramón Alemán, como componentes de la sucesión de Domingo Alemán, dicha sucesión transó un pleito con la sucesión de José Rodríguez y traspasó a favor de cinco personas, a saber: Carmen Rodríguez García, Nicolasa de iguales apellidos, Evaristo Quiñones, Pedro Quiñones y Antonio Matos Ocasio, la propiedad de una finca de cuerda y cuarto de terreno radicada en el barrio de Hato Rey, de Río Piedras, colindante por el Norte con la calle de Santo Domingo, por el Sur con Arturo Acevedo y Trinidad Vázquez, por el Este con la carretera que de San Juan conduce a Río Piedras, y por el Oeste con la vía de los carros eléctricos.

El día 30 de ese mismo mes y año fué levantado por un agrimensor un plano de dicha finca en el que fueron segregadas tres pequeñas parcelas, de las cuales una fué adjudicada a Enrique González Darder y otra a Timoteo González, sin que conste a quién fué adjudicada la tercera, y el resto de la finca fué dividido en cinco porciones siendo adjudicada una a cada una de las cinco personas que habían adquirido la finca por escritura de 11 de marzo de 1914, que no consta haya sido inscrita en el registro de la propiedad.

Por otra escritura pública del año siguiente, 28 de diciembre de 1915, Carmen Vélez, viuda de Domingo Alemán, por sí y como heredera de su hija Carlina, vendió a las mismas cinco personas antes mencionadas, por precio que confesó recibido de ellas, tres cuartas partes que dijo pertenecerles por sus gananciales y por herencia de su hija, de la misma finca antes relacionada, aunque sus colindancias varían un poco. En esta escritura no intervino Ramón Alemán y fué inscrita en el registro de la propiedad en cuanto a la participación de Evaristo Quiñones Rodríguez.

Esas cinco personas han enajenado por documentos públicos el condominio indiviso que cada una tenía de una quinta parte de tres cuartas partes en dicha finca, perteneciendo ahora una de esas quintas partes de tres cuartas

partes indivisas al demandante Domingo Rivera Almodóvar, tres a José Martínez Llonín y la otra al otro demandado Bernardo Fernández Porrero, quien además adquirió la cuarta parte que en la finca tenía el heredero Ramón Alemán.

En la demanda se alega que dichas cinco personas y además Enrique González Darder y Timoteo González eran dueños de la finca según la escritura de 28 de diciembre de 1915 de tres cuartas partes, siendo la otra cuarta parte de Ramón Alemán. No hay prueba alguna en los autos del título de Enrique González Darder ni de Timoteo González y no sabemos por qué después de haber obtenido dichas cinco personas un título de toda la finca por transacción, otorgaron otro documento en el que aparecen comprando tres cuartas partes de esa finca, pues la explicación que se da de que ese documento se hizo para corregir las colindancias no nos satisface, ya que substancialmente son iguales en ambos títulos y sobre todo por la diferencia grande que hay entre ambos, pues por el primero adquirieron toda la finca y por el segundo solamente tres cuartas partes y por distinta causa. Pero cualquiera que haya sido la razón de lo sucedido tenemos que tomar por base la alegación de la demanda respecto a que esas cinco personas eran dueñas de tres cuartas partes de la finca según la escritura de 28 de diciembre de 1915 y que la otra cuarta parte era de Ramón Alemán por herencia, y por tanto, habiendo sido dividida la finca en el plano entre dichas cinco personas sin intervención del condueño Ramón Alemán, quien por consiguiente no recibió participación alguna por su cuarta parte, la división y adjudicaciones hechas en el plano de 30 de marzo de 1914 no puede ser elevada a documento público como división de la finca porque no fué hecha por todos los que entonces eran condueños. El mismo demandante al contestar una contrademanda en este caso manifestó que la división se había hecho solamente de tres cuartas partes de la finca, lo

que no resulta justificado del plano ni de la prueba, y de todos modos las personas que intervinieron en la división no estaban justificadas sin el consentimiento de Ramón Alemán para determinar las tres cuartas partes que habían de dividirse entre sí.

Los demandados contrademandaron para que se decrete la división de la comunidad y dirigieron esa contrademanda contra el demandante y contra otras dos personas que no son partes en este pleito, por lo que por este motivo no es procedente, pues los demandados no pueden por una contrademanda traer al pleito a otras personas que en él no figuraban como demandantes. 34 Cyc. págs. 712 y 715.

En vista de lo expuesto llegamos a la conclusión de que debemos *revocar la sentencia apelada* y en su lugar dictar otra declarando *sin lugar la demanda y también la contrademanda, sin especial condena de costas.*