MANUEL CALDERÓN, demandante y apelado, *v.* HEREDEROS DESCONOCIDOS de CHARLES M. BOERMAN, demandados y apelantes.

No. 4004.—*Visto:* Enero 26, 1928. *Resuelto:* Marzo 6, 1928.

1. PARTICIÓN (DIVISIÓN)—ACCIONES SOBRE PARTICIÓN—PROCEDIMIENTOS Y REMEDIOS—DE LA DEMANDA—POSESIÓN EN COMÚN Y PROINDIVISO.—En acción sobre división de comunidad no es necesario que en la demanda se alegue que la finca está poseída en común y proindiviso cuando en ella se expone que las partes tienen condominios en la finca de que se trata.

2. PARTICIÓN (DIVISIÓN)—ACCIONES SOBRE PARTICIÓN—PROCEDIMIENTOS Y REMEDIOS—DE LA DEMANDA—DIVISIÓN SIN LESIONAR EL VALOR DEL INMUEBLE.—En acción sobre división comunidad de bienes no es necesario que en la demanda se alegue que la división material de la propiedad de que se trata pueda verificarse sin lesionar el valor del inmueble.

3. PARTICIÓN (DIVISIÓN)—ACCIONES SOBRE PARTICIÓN—PROCEDIMIENTOS Y REMEDIOS—DE LA DEMANDA—ALEGACIÓN RESPECTO A RESULTAR IMPROPIA LA FINCA PARA EL USO DE QUE SE LA DESTINA.—En la demanda—en acción sobre división de comunidad—no necesita alegarse que, de hacerse la división, la finca no ha de resultar inservible para el uso a que se la destina, y menos aún cuando se trata de la división de fincas rústicas.

4. PARTICIÓN (DIVISIÓN)—ACCIONES SOBRE PARTICIÓN—DERECHO DE ACCIÓN Y DEFENSAS—DEFENSAS DEL DEMANDADO.—Si la división ha de hacer la finca impropia para el uso a que se la destina es cuestión para ser alegada como defensa contra la división material.

5. PARTICIÓN (DIVISIÓN)—ACCIONES SOBRE PARTICIÓN—PROCEDIMIENTOS Y REMEDIOS—PARTES EN LA ACCIÓN—PARTES DEMANDANTES—ADMINISTRADORA JUDICIAL.—Aún cuando se haya hecho la partición judicial de los bienes de un finado y adjudicado determinada propiedad a un heredero, si el pleito de

división está pendiente de apelación y la adjudicataria de dicha propiedad aún no ha tomado posesión de ella, la administradora judicial de los bienes, y no dicha adjudicataria, es la que tiene que intervenir en una acción sobre división de comunidad de dicha finca así adjudicada.

SENTENCIA de *Pablo Berga*, J. (San Juan), declarando con lugar la demanda, sin costas. *Confirmada.*

*Leopoldo Tormes*, abogado de los apelantes; *Ramón C. Juliá*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Manuel Calderón presentó demanda en la Corte de Distrito de San Juan contra los herederos desconocidos de don Carlos M. Boerman solicitando la división material de una finca rústica alegando con tal fin que el demandante es dueño de un condominio de siete octavas partes en ella siendo el otro condominio de una octava parte de don Carlos M. Boerman, que por haber fallecido corresponde a sus herederos, desconocidos para el demandante; que no ha existido ni existe pacto entre los condueños para conservarla indivisa y que no ha podido requerir para la división a los dichos herederos por desconocer quiénes sean. Anotada la rebeldía de los herederos demandados compareció en el pleito doña María L. Fordham, conocida por Mrs. Charles M. Boerman, formulando excepción previa contra la demanda por falta de hechos constitutivos de causa de acción, y como albacea testamentaria, heredera y administradora judicial del Sr. Boerman contestó la demanda negando sus hechos. Celebrado juicio recayó sentencia declarando con lugar la demanda y decretando la división material entre las partes de la finca objeto de la demanda, disponiendo, además, que los demandados, representados por la administradora judicial, Mrs. María L. Fordham, otorguen con el demandante escritura de división de comunidad de la referida finca, apercibidos de que si no lo hicieren así dentro del término de diez días de ser firme la sentencia se procederá, a petición de cualquiera de las partes, al nombramiento de un

contador-partidor que haga dicha división y entregue a cada parte lo que le corresponda.

[1, 2, 3, 4] Contra esa sentencia ha interpuesto la Sra. Fordham el presente recurso de apelación en el que alega como primer motivo para sostenerlo su excepción previa general de falta de hechos determinantes de causa de acción en la demanda, porque no alega que la finca está poseída por los dueños en común y pro indiviso: que la división material de ella pueda verificarse sin lesionar el valor del inmueble: y que de hacerse la división no ha de resultar inservible para el uso a que se destina. Esas alegaciones no son necesarias en este caso porque de lo expuesto en la demanda resulta que las partes tienen condominios en la finca, y por tanto la poseen en común y proindiviso: porque no es requisito exigido por el Código Civil en sus artículos 407 al 413, que tratan de la división de la comunidad de bienes, que la división no haya de lesionar el valor del inmueble: y porque no tiene que alegar que de hacerse la división ha de resultar inservible para el uso a que se la destina, ya que siendo las fincas rústicas por lo general divisibles materialmente por su naturaleza, si su división ha de hacerla impropia para el uso a que se la destina es cuestión para ser alegada como defensa contra la división material. Por consiguiente, no es sostenible el primer motivo de error alegado por la apelante.

[5] Pasemos al segundo motivo del recurso en el que se alega que la sentencia recaída en el pleito es errónea porque no determina cuál parte demandada debe actuar en la división, ya que la parte que aparece realmente interesada en la finca nunca estuvo en la corte, ni compareció ni ha sido citada.

Como hemos dicho, los herederos desconocidos de Carlos M. Boerman fueron citados por edictos y compareció en el pleito la administradora judicial de ellos, pero dice la apelante que habiendo acreditado ella en estos autos que esos

bienes han sido divididos por un contador-partidor, que el condominio que tenía el Sr. Boerman en la finca expresada fué adjudicado a Esther Bassie Boerman, residente en Rusia, con aprobación de la corte de distrito, y que tal resolución es firme, la corte inferior debió suspender todo procedimiento en este pleito y ordenar que fuera citada directamente la interesada en el inmueble.

Según el artículo 51 de la Ley de Procedimientos Legales Especiales los administradores judiciales del caudal de un finado representan al mismo en todos los procedimientos comenzados contra él antes de su muerte y en los que se promovieron después por o contra el caudal de la herencia, por lo que de acuerdo con ese precepto la administradora judicial apelante tiene la representación de los bienes del Sr. Boerman, y ha de estimarse que continúa en ellos no sólo porque así ella lo manifestó sino porque no se ha justificado en estos autos que la persona a quien ha sido adjudicado el condominio en ese inmueble, y que reside en Rusia, haya tomado posesión del mismo. Además, la apelante declaró en este pleito que la división hecha de los bienes del Sr. Boerman está pendiente de apelación en Boston y sus efectos suspendidos y que existe un pleito que puede anular cualquier división hecha por el contador-partidor, por lo que hasta que la adjudicataria tome posesión de ese condominio la representación del mismo como parte del caudal del finado se halla en la Sra. Boerman, que es la que tiene que intervenir en la división de la finca. El caso de *Rivera v. Fernández,* 33 D.P.R. 597, citado por la apelante, no tiene relación alguna con el presente caso.

En el tercer señalamiento de error se alega sin argumentación que la sentencia es contraria a la prueba por decirse que es de acuerdo con el segundo motivo que ya hemos considerado.

*Por lo expuesto la sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.