MRS. CHARLES M. BOERMAN, née MARÍA L. FORDHAM, EX PARTE, administradora judicial apelada, y los herederos ausentes de ESTHER BESSIE BOERMAN, peticionarios y apelantes

No. 4539.—*Visto:* Mayo 22, 1928. *Resuelto:* Julio 28, 1928.

*F. Acosta Velarde,* abogado de los apelantes; *Leopoldo Tormes,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En un procedimiento titulado Mrs. Charles M. Boerman, née María L. Fordham, Civil No. 5848, Administración Judicial, ciertas personas, alegando ser los herederos de Esther Bessie Boerman, radicaron una petición ante la Corte de Distrito de Ponce. El objeto de la petición, según en ella se decía, era obtener los bienes que habían sido dejados por Charles M. Boerman, a dicha Esther Bessie Boerman o a dichos herederos, y que fueron adjudicados a ellos en el mismo

procedimiento. En la petición se solicitaba que dentro del término de cinco días se requiriera a la Sra. Charles M. Boerman para que entregara a los abogados de los peticionarios los bienes que, como herederos testamentarios de Charles M. Boerman o de la Sra. Esther Bessie Boerman, les habían sido adjudicados. La Sra. Charles M. Boerman se opuso a la petición. La Corte de Distrito de Ponce, después de celebrada una vista, declaró sin lugar la petición.

En apelación se señalan ocho errores. Los dos primeros señalamientos de error leen como sigue:

"Primer error. La corte cometió manifiesto error al admitir el escrito de oposición de Mrs. Charles M. Boerman.

"Segundo error. La corte cometió manifiesto error al abstenerse de instruir al ministerio fiscal para que promoviera la administración correspondiente de los bienes de Esther Bessie Boerman, de acuerdo con lo que dispone el artículo 83 de la Ley de Procedimientos Legales Especiales."

De suerte que los apelantes niegan que la Sra. Charles M. Boerman tenga derecho a oponerse a su petición. Reconocen que ella fué nombrada debidamente como administradora de Charles M. Boerman y necesariamente admiten que ella estaba en posesión de los bienes, pero sostienen que en virtud de la adjudicación hecha por el contador-partidor y de su confirmación por la Corte de Distrito de Ponce, todos los deberes de la administradora cesaron, y que solamente los herederos podían presentar reclamación. Tenemos pocas dudas de que los deberes activos de la administradora en este caso han cesado y que los herederos de Charles M. Boerman o de la Sra. Esther Bessie Boerman tienen preferencia sobre la administradora. Sin embargo, cuando se pone a un administrador judicial en posesión de bienes, es su deber entregar los mismos a los herederos legales, pero no surge tal deber hasta que las personas con derecho a ello se presenten a hacer la reclamación. Hasta que aparezcan tales personas, el administrador está obligado a retener la posesión de los bienes que le han sido confiados. Para protegerse a sí mismo

contra posibles reclamantes distintos a los herederos legales, tiene derecho a investigar si las personas que comparecen son los herederos que alegan ser, e incidentalmente, desde luego, a convencerse a sí mismo de que dichas personas han obtenido la autoridad correspondiente para hacer la reclamación. Esto más o menos fué resuelto por este Tribunal en el caso de *Calderón* v. *Boerman,* 37 D.P.R. 803.

Tal vez más técnicamente, los peticionarios en este caso comparecieron en el procedimiento de administración judicial y solicitaron de la corte que requiriera a la Sra. Charles M. Boerman para que realizara ciertos actos. Cuando se presente un pleito contra él, un mero extraño sujeto a un litigio podría atacar el derecho de determinadas personas de obligarle a hacer algo. Indudablemente, la administradora nombrada debidamente, a quien se requiere que se deshaga de la posesión de los bienes confiádosle tiene tal derecho. Por tanto, la corte, no cometió error alguno al permitir que la Sra. Boerman radicara un escrito de oposición.

Al discutir su segundo señalamiento de error, los apelantes dicen que la corte convino en que la Sra. Charles M. Boerman no tenía derecho a administrar por más tiempo los bienes de la Sra. Esther Bessie Boerman. Según entendemos, esencial y legalmente, ésa no es la posición de la Sra. Charles M. Boerman. Ella no retiene los bienes de la Sra. Esther Bessie Boerman para administrarlos; los retiene meramente para entregarlos a los herederos de la Sra. Esther Bessie Boerman al ser reclamados debidamente. Hasta ese momento, la retención de los bienes por parte de ella es una continuación de sus deberes como administradora de la herencia de Charles M. Boerman. No era de gran importancia en este caso que la Sra. Charles M. Boerman tuviera una apelación pendiente sobre la distribución ordenada por la Corte de Distrito de Ponce, y acabamos de ser informados que la Corte de Circuito de Apelaciones de Boston ha confirmado la sentencia de este tribunal a este respecto.

Los apelantes sostienen que la corte cometió error al no requerir al fiscal de distrito que instituyera un procedimiento de administración judicial de los bienes de la Sra. Esther Bessie Boerman. Tal vez surgen algunas de las objeciones de antes, pero esta vez más técnicamente, los peticionarios debieron haber entablado un procedimiento independiente y no debieron haber interpuesto su reclamción dentro de un procedimiento que tenía por objeto la administración de los bienes de Charles M. Boerman. No podemos convenir con los apelantes en que estaban obligados a intervenir en el procedimiento de administración judicial para liquidar la herencia de Charles M. Boerman, sino que pudieron haber entablado un procedimiento *ex parte*, o de lo contrario instituir un procedimiento contencioso contra la administradora. No hallamos que se cometiera error.

Convenimos con la apelada en que el tercer señalamiento de error carece de importancia. La corte pudo estar equivocada al decir que los testigos del testamento no identificaron el documento correspondiente, o que lo hicieron en un momento inoportuno. Existe la probabilidad, si no la certeza, de que los apelantes estén en lo cierto al decir que la diferencia en las fechas se explica por el hecho de que los testigos del testamento trataban en época posterior de identificar las firmas que habían dado anteriormente.

Convenimos con la apelada en que los señalamientos cuarto, quinto, sexto y octavo pueden ser considerados conjuntamente. Leen así:

"Cuarto error: La corte cometió manifiesto error al resolver que la copia del acta de defunción y la copia del testamento de Esther Bessie Boerman no están debidamente autenticados.

"Quinto error: La corte cometió manifiesto error al resolver que no se certifica que la traducción de dichos documentos sea fiel de sus originales, ni que la persona que los tradujo sea un traductor capacitado.

"Sexto error: La corte cometió manifiesto error al sostener que se hace necesario probar que los documentos, y especialmente el tes-

tamento, han sido otorgados de acuerdo con las leyes vigentes en Rusia, en los años 1916 y 1921, respectivamente.''

''Octavo error: La corte cometió manifiesto error al declarar sin lugar la solicitud de los herederos peticionarios, y, en su consecuencia, al negarse a hacer entrega de los bienes solicitados a dichos herederos.''

Este es un caso en que están en controversia la validez y el otorgamiento de un testamento extranjero, así como la identidad de las personas que reclaman de conformidad con el mismo. Los apelantes estaban obligados a probar en debida forma que la Sra. Esther Bessie Boerman había fallecido; que las personas que comparecían ante la Corte de Distrito de Ponce eran herederos nombrados debidamente; que el testamento fué otorgado en debida forma; y que los peticionarios son lo que alegan ser. Para saber si todo esto ha sucedido o si los documentos han sido otorgados en debida forma, según fuere el caso, puede que haya que probar las leyes extranjeras. Esta corte en general no toma conocimiento judicial de ellas. El artículo 69, inciso 8 de la Ley de Evidencia, dispone:

''Los documentos de cualquiera otra clase en país extranjero, mediante el original, o una copia certificada por el guardador legal de aquél, bajo su sello, si lo tuviere, acompañada de una certificación del ministro o embajador, o un cónsul, vicecónsul o agente consular de los Estados Unidos en dicho país extranjero, atestando que es documento válido y existente en dicho país, y que la copia está certificada en debida forma por el funcionario encargado de la custodia del original.''

La corte inferior resolvió que las certificaciones presentadas eran insuficientes, ya que no contenían declaración alguna de que el testamento fuera válido en país extranjero o de que estaba certificado en debida forma. Quizás los apelantes tienen razón al sostener que las leyes de Puerto Rico van demasiado lejos al requerir o sugerir que nuestros representantes en el extranjero certifiquen las leyes extranjeras. Quizá sería imposible que uno de nuestros funcionarios en el extranjero llene tal requisito, según lo indica la certificación

del Departamento de Estado de los Estados Unidos. Por otra parte, tal vez algún perito podría ser llamado ante nuestro representante en el extranjero y este último entonces podría certificar por información y creencia que la persona así llamada era competente para certificar sobre la validez de leyes extranjeras o que un testamento ha sido otorgado de acuerdo con tales leyes extranjeras. Decimos esto, porque a falta de tal medida, no vemos forma alguna de probar las leyes extranjeras ante nuestras cortes, a no ser citando un perito o tomando una deposición en el extranjero. Tal vez la sugestión de nuestro estatuto es al efecto de que debe obtenerse una certificación en el extranjero y que entonces a su vez sea certificada por nuestro representante allí. De todos modos, el hecho de que no se pueda esperar tal requisito de uno de nuestros representantes en el extranjero, no puede beneficiar a los apelantes. Todavía existiría un hiato o laguna que los apelantes no han cubierto, o sea, probar la validez de un documento extranjero o de todas las certificaciones. Estos asuntos fueron discutidos más detalladamente por la corte inferior, y en los puntos principales convenimos con su decisión y su razonamiento.

Estamos de acuerdo con la corte inferior en que no hubo certificación adecuada respecto a algunas de las traducciones, pero no trataremos de decir cuáles estaban traducidas correctamente y cuáles no, sino que dejamos el asunto a la discreción de los apelantes. Debería ser cuestión relativamente fácil obtener una traducción exacta de todas las certificaciones, aún de aquéllas que no han sido traducidas, y algunas de ellas pueden carecer de importancia.

Los autos demuestran que no vino certificación alguna de Rusia, país con el cual no tenemos relaciones diplomáticas, y, por tanto, que el otorgamiento de ciertos documentos fué certificado por el vice-cónsul de Kovno, Lituania, país vecino con el cual sostenemos relaciones diplomáticas. Nos inclinamos a creer que la certificación de nuestro cónsul era válida

para probar las firmas de los funcionarios de Rusia. Nos abstenemos de discutir más en detalle la suficiencia del testamento o del certificado de defunción ofrecido como prueba, por estar convencidos de que la corte inferior estaba en lo cierto, por el presente, al negarse a darles valor probatorio. Estamos resolviendo el caso con alguna premura, a fin de dar a los herederos de Esther Bessie Boerman la oportunidad de actuar con prontitud.

No estamos de acuerdo con la corte inferior en tanto en cuanto pareció creer que ciertos nombres eran insuficientes. Boerman o Berman son suficientemente *idem sonans*. Similarmente, con la traducción de otros nombres, como "Bassia" por "Bessie" y "Ester" por "Esther." Esther Bessie Boerman era una forma inglesa del nombre de la madre del Sr. Charles M. Boerman.

Con respecto al séptimo señalamiento de error, podríamos decir que una corte debe ser muy liberal al reconocer los letrados que alegan representar herederos. Creemos que en este caso la corte dió amplio margen a los abogados, y era innecesario que dichos abogados presentaran la escritura confiriéndoles poder, a menos que se pusiera en tela de juicio su autoridad.

*Debe confirmarse la sentencia apelada.*